UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

ATIC ENTERPRISES, INC.,                                                                                                       Plaintiff,

v.                                                                               Civil Action No. 1:14-cv-132-DJH-HBB

COTTINGHAM & BUTLER INSURANCE
SERVICES, INC. and WESTCHESTER FIRE
INSURANCE COMPANY,                                                      Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Copper is often the target of thieves. Plaintiff Atic Enterprises, Inc. learned this the hard way when thieves stole copper it was transporting. (Docket No. 67, PageID # 952, 965, 981) Atic's prior insurance policy covered theft of copper. (D.N. 61-2; D.N. 67, PageID # 964-65, 975, 985) But when Atic tried to make an insurance claim for the stolen copper, Defendant Cottingham & Butler Insurance Services denied the claim because Atic's new insurance policy specifically excluded coverage for copper losses due to theft. (D.N. 67, PageID # 981-82) Although Cottingham & Butler had previously notified Atic of the policy change, Atic sued Cottingham & Butler, contending that the notice was inadequate. (D.N. 1) Cottingham & Butler has now moved for summary judgment. (D.N. 61) It argues that notice was not necessary under Kentucky law and that even if it was required, the notice provided sufficed. (D.N. 61-1) Cottingham & Butler is correct: Kentucky law does not require formal notification of an insurance policy change unless the insurance contract is ambiguous. *Marcum v. Rice*, 987 S.W.2d 789, 791-92 (Ky. 1999). This insurance contract was not ambiguous; it expressly excluded copper. (*See* D.N. 1-5, PageID # 88) The Court will therefore grant Cottingham & Butler's motion for summary judgment.

1

## I. BACKGROUND

Atic was a trucking company based in Bowling Green, Kentucky.[1] (D.N. 67, PageID # 936, 964, 959) According to its United States Department of Transportation Motor Carrier Identification Report, Atic transported general freight, "commodities dry bulk," beverages, and paper products from 2011 to 2014. (D.N. 61-5) Atic did not list metals as products that it transported. (*See id*.) Nevertheless, Atic transported copper during those years. (D.N. 67, PageID # 955)

Atic acknowledges that copper is a high-risk commodity, meaning that it is more likely to be a target of theft than other commodities. (*Id*., PageID # 965) From July 2012 to July 2013, Atic had an insurance policy that covered the transportation of copper. (D.N. 61-2; D.N. 67, PageID # 964-65, 975, 985) The policy was through former Defendant Westchester Fire Insurance Company and was sold by Cottingham & Butler.[2] (D.N. 61-2; D.N. 67, PageID # 985-86) Jacob Zeal, Cottingham & Butler's sales agent, sold Atic this policy. (D.N. 68, PageID # 1298, 1323-24) At the time of the sale, Cottingham & Butler asked Atic to list the commodities it transported. Atic did not explicitly list copper, but claims it lumped copper into a category titled "miscellaneous." (D.N. 67, PageID # 960)

In early 2013, prior to the expiration of the 2012-2013 insurance policy, Westchester notified Atic that it would not renew the insurance policy. (D.N. 61-4; D.N. 61-2, PageID # 637, 642-43) The notice stated that "for the next policy term, the terms, limits and premiums may be materially different." (D.N. 61-4) Atic admits receiving and reading this notice. (D.N. 61-2, PageID # 637, 642-43) In July 2013, Cottingham & Butler sent Atic a proposal for new insurance. (D.N. 67, PageID # 974-75; D.N. 61-3) That proposal stated, on a page that included

---

[1] Atic is no longer in business. (D.N. 61-2, PageID # 624)
[2] Westchester was dismissed from this action by stipulation of the parties. (D.N. 47, 48)

a side-by-side comparison of the proposed 2013-2014 policy and the current 2012-2013 policy, that copper was not covered. (D.N. 61-3) Atic admits having received and reviewed the proposal, though it claims not to have noticed or read the copper exclusion. (D.N. 67, PageID # 975)

In September 2013, Cottingham & Butler mailed the new 2013-2014 Westchester policy to Atic. (D.N. 12) The 2013-2014 policy included a separate page titled "COPPER EXCLUSION." (D.N. 1-5, PageID # 88) The page stated, "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY." (*Id.*) It then stated, "Copper is added to Paragraph A.2, Property Not Covered." (*Id.*) Atic contends that it never received this policy. (D.N. 73-1, PageID # 1837-38)

Without receiving or reading the new insurance policy, Atic continued to transport copper. (D.N. 67, PageID # 981-82) On or about November 9, 2013, thieves stole two loads of copper from Atic. (*Id.*, PageID # 952, 965, 981) Atic then contacted Cottingham & Butler and requested a copy of the 2013-2014 policy. (*Id.*, PageID # 981-82) At this point, Zeal explained to Atic that the policy excluded copper. (*Id.*) Despite the exclusion, Zeal encouraged Atic to submit a claim, which it did. (*Id.*) Cottingham & Butler denied Atic's claim. (*Id.*)

Atic sued, accusing Cottingham & Butler of being negligent by not discussing or advising it of the copper exclusion.[3] (D.N. 1, PageID # 5) Cottingham & Butler has now moved for summary judgment, contending that it did not have a duty to advise Atic of the policy change; that if it did have a duty, it satisfied that duty; and that its agent, Zeal, did not owe Atic any such duty. (D.N. 72) The Court agrees. Because the 2013-2014 policy included a clearly stated copper exclusion, Cottingham & Butler did not have a duty to further advise or notify Atic of the

---

[3] Atic also brought several other claims against Cottingham & Butler (*see* D.N. 1), but it has abandoned these additional claims. (D.N. 72, PageID # 1817)

policy change. And Zeal did not assume the duty to advise Atic of the change. Consequently, the Court will grant Cottingham & Butler summary judgment.[4,5]

## II. STANDARD

To grant a motion for summary judgment, the Court must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying the basis for its motion and the parts of the record that demonstrate an absence of any genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The non-moving party must then establish a genuine issue of material fact with respect to each element of each of its claims. *Id.* at 322-23; *see also Hardy Oil Co., Inc. v. Nationwide Agribusiness Ins. Co.*, 587 F. App'x 238, 240 (6th Cir. 2014). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; instead, the non-moving party must present evidence upon which the jury could reasonably find for it. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Ultimately, the Court must determine whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251-52).

---

[4] In Atic's response to Cottingham & Butler's summary judgment motion, it requests a hearing on this matter. (D.N. 72, PageID # 1817) Cottingham & Butler opposes the request. (D.N. 73, PageID # 1832) The Court finds oral argument to be unnecessary and will thus deny Atic's request.

[5] Atic has also filed a motion for leave to file a sur-reply. (D.N. 76) Cottingham & Butler opposes this motion. (D.N. 78) Atic's motion will be granted. The Court has considered the sur-reply.

4

## III. DISCUSSION

### A.

For Atic to succeed on its negligence claim, it must establish (1) that Cottingham & Butler owed a duty of care to Atic, (2) that it breached that duty, and (3) that the breach actually and proximately caused Atic's damages. *Helton v. Am. Gen. Life Ins. Co.*, 946 F. Supp. 2d 695, 708 (W.D. Ky. 2013) (citing *Mullins v. Comm. Life Ins. Co.*, 839 S.W.2d 245 (Ky. 1992)). Although Cottingham & Butler did owe Atic a standard duty of care, it did not have a duty to notify Atic of the policy change, as Atic contends. (*See* D.N. 1, PageID # 5) Under applicable Kentucky law, "where the language of an insurance contract unambiguously explains the terms and conditions, no separate formal notification is required to effectuate the policy provision unless the unannounced change misleads an insured." *Marcum*, 987 S.W.2d at 791-92; *see Wales v. Farmers Stockyards, Inc.*, No. 5:14-cv-394-JMH, 2016 WL 1180186, at *3 (E.D. Ky. Mar. 25, 2016).

The copper exclusion in the 2013-2014 policy was unambiguous. The policy included a separate page titled "COPPER EXCLUSION" that stated "THIS ENDORSEMENT CHANGES THE POLICY" and advised Atic to "PLEASE READ IT CAREFULLY"; it also stated that "[c]opper is added to Paragraph A.2, Property Not Covered." (D.N. 1-5, PageID # 88) This is sufficient under Kentucky law, and thus "no separate formal notification [was] required." *Marcum*, 987 S.W.2d at 791-92.

Despite not having a duty to do so, Cottingham & Butler provided Atic with formal notification. It sent Atic a proposal that explicitly excluded copper from the new policy. (D.N. 61-3; D.N. 67, PageID # 974-75) Atic also received notice from Westchester that the old policy would not be renewed and that the new policy could be materially different. (D.N. 61-2, PageID

5

# 637, 642-43; D.N. 61-4) Atic concedes that it received these documents. (D.N. 61-2, PageID # 637, 642-43; D.N. 67, PageID # 975) The Court thus concludes that even if Cottingham & Butler had a duty to notify Atic of the new policy's copper exclusion, there is no evidence in the record to support a finding that it breached this duty.

## B.

The Court likewise rejects Atic's claim that Cottingham & Butler's agent, Zeal, assumed a duty to advise it of the copper exclusion. Under Kentucky law, "whether an insurance agent has a duty to advise his client (as opposed to merely a duty to execute the client's orders) is a question of law." *Hardy Oil*, 587 F. App'x at 240 (citing *Mullins*, 839 S.W.2d at 248). And "no affirmative duty to advise is assumed by the mere creation of an agency relationship." *Id*. Instead, all that is owed is a standard duty of reasonable care. *Helton*, 946 F. Supp. 2d at 708.

Zeal may have assumed a duty to advise, however, if he expressly or impliedly undertook to advise Atic. *Mullins*, 839 S.W.2d at 248. "An implied assumption of duty may be present when: (1) the insured pays the insurance agent consideration beyond a mere payment of the premium; (2) there is a course of dealing over an extended period of time which would put an objectively reasonable insurance agent on notice that his advice is being sought and relied upon; or (3) the insured clearly makes a request for advice." *Id*. In *Hardy Oil*, the Sixth Circuit found that the insurance agent did not assume a duty to advise when there was no evidence of additional consideration paid, the client had switched insurers over the years, and there was not "a clear request for advice" from the client. 587 F. App'x at 240.

Similarly, Zeal did not expressly or impliedly undertake to advise Atic. Atic contends that Zeal undertook the role of an insurance adviser because he (1) is licensed, (2) represented that he was a transportation consultant, (3) tried to sell Atic insurance, and (4) told Atic that it

would be easier to get a better insurance quote if it consolidated its company. (D.N. 72, PageID # 1802-04) But these allegations are simply a description of the role of an insurance agent. Nowhere in the record is there any evidence that Zeal expressly undertook the duty to advise Atic, that Atic paid any additional consideration for advice, that there was an extended course of dealing, or that Atic requested advice. Without any evidence to the contrary, Zeal only owed Atic a standard duty of care, which was satisfied with respect to the 2013-2014 insurance policy.

### IV. CONCLUSION

Because the 2013-2014 insurance policy conspicuously excluded copper from covered goods, Cottingham & Butler did not owe Atic a duty to notify it of the policy change under Kentucky law. Nor is there any evidence that Zeal assumed a duty to advise Atic of the change. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) Defendant Cottingham & Butler's Motion for Summary Judgment (D.N. 61) is **GRANTED**.

(2) Defendant Cottingham & Butler's Motion in Limine (D.N. 65) is **DENIED** as moot.

(3) Plaintiff Atic Enterprises' Motion for Leave to File Sur-Reply (D.N. 76) is **GRANTED**.

(4) A separate judgment will issue this date.

September 19, 2016

**David J. Hale, Judge**
**United States District Court**